Dear Mr. Prejeant:
On behalf of the Board of Commissioners of Terrebonne Parish Consolidated Waterworks District No. 1(District) you have requested the opinion of this office on whether the District may invoke the "emergency" provisions of the Public Bid Law to complete the construction of the Schriever Waterplant Expansion Project, No. CIP-1-97-03. The request states that the Project was first let out for bids in 1999 and that a contract in the sum of $4,950,000.00 was entered into on July 19, 1999. The contract was originally scheduled for completion on or about January 24, 2001 but substantial delays were encountered by the contractor who terminated work on the job as of June 6, 2002. At the time the Project was estimated to be 99% complete. After the original contractor abandoned the project the bonding company failed to step up and complete the project despite demand by the District. The District is concerned that, in addition to the amount of work remaining under the original contract, remedial or corrective work may be required before the Waterplant can be placed into operation. You point to a loss of electronically controlled components that had to be replaced by the District due to improper storage by the contractor as additional costs the District has already incurred. Attached to your request was a copy of the following:
 1. Resolution of the Board of Commissioners of Terrebonne Parish Consolidated Waterworks District No. 1 of October 7, 2002;
 2. Letter dated March 28, 2002, from Robert J. Prejeant to John Brown, attorney for the original contractor; and
 3. Letter dated March 21, 2002, from Stephen Hornsby, Manager of the Consolidated Waterworks District No. 1;
You advise that because of an immediate danger posed by the prospect of extended salt water intrusion to the Houma Waterplant the District desires to invoke the emergency provisions of the Public Bid Law, thus allowing the District to immediately proceed with the completion of the Schriever Waterplant Expansion Project on a time and material basis and without letting the remainder of the Project out for Public Bid. The danger posed by salt water intrusion relates to the concern that too much salt water would require the Houma Waterplant to reduce operations and shift the parish water needs to the Schriever Waterplant which could only handle the increased capacity demands for 7 days. No evidence was submitted that indicated at any time during the construction of the Schriever Waterplant expansion or since the original contractor ceased work that salt water intrusion actually occurred or was imminent such as to prevent the District from meeting the potable water needs of its customers.
Under the Public Bid Law, contracts for public works projects costing $100,000 or more must be advertised and let by contract to the lowest responsible and responsive bidder. Public works means the erection, construction, alteration, improvement, or repair of any public facility or immovable property owned, used, or leased by a public entity. LSA-R.S. 38:2212(1)(a) (d) and 38:2211(11). The completion of the Schriever Waterplant meets the definition of a public work.
Please note that there are no provisions which set forth procurement requirements for public works projects costing less than $100,000 and therefore to the extent the remainder of the project would cost less than $100,000 the District is not required to comply with the advertising and bidding requirements of the Public Bid Law. If the remaining cost of the project equals $100,000 or more then the Public Bid Law must be adhered to. If the Public Bid Law is applicable then the only available exemption to avoid the bidding process is contained in the emergency provisions of the public bid law. LSA-R.S.38:2212(D)(1) provides:
 "This Section shall not apply in cases of extreme public emergency where such emergency has been certified to by the public entity and notice of such public emergency shall, within ten days thereof, be published in the official journal of the public entity proposing or declaring such public emergency."
"Emergency" is defined in LSA-R.S. 38:1211(6) as:
 "An emergency means an unforeseen mischance bringing with it destruction or injury of life or property or the imminent threat of such destruction or injury or as the result of an order from any judicial body to take any immediate action which requires construction or repairs absent compliance with the formalities of this Part, where the mischance or court order will not admit of the delay incident to advertising as provided in this Part."
In prior opinions, this office has recognized that the Public Bid Law is prohibitory in nature, enacted in the interest of taxpaying citizens to insure public accountability and protection in the award of such contracts. Any exception in such an act in furtherance of public policy must be narrowly construed. Attorney General Opinion No. 90-583.
The emergency defined in the statute refers not only to "an unforeseen mischance", but also to one that brings with it "destruction or injury of life or property or the imminent threat of such destruction or injury." Webster's Third New International Dictionary defines "imminent" as "ready to take place, near at hand or impending." The prospect of extended salt water intrusion that may or may not prevent the District from meeting the potable water needs of its customers was apparently present when the construction project was first let for bid in accordance with the Public Bid Law. The mere possibility of such a problem does not rise to the level of an "imminent threat of destruction or injury to life or property" as required by the statute and thus is not a definitive basis for invoking the emergency exemption.
This office is of the opinion that the situation you present is not encompassed within the emergency exemption of the Public Bid Law. It will be necessary to proceed with the advertising and bidding requirements provided by the statute to the extent the project equals or exceeds the contract limit of $100,000.
We trust that this answers your inquiry.
Very Truly Yours,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ RICHARD L. MCGIMSEY Assistant Attorney General Public Finance Contracts Section
RPI/RLM/dam